UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**SABAL TRAIL TRANSMISSION, LLC,**

    **Plaintiff,**

v.                                                              Case No:  5:16-cv-147-Oc-41PRL

**13.386 ACRES OF LAND IN LAKE
COUNTY FLORIDA, REX M. SMITH,
KELLIE LAINE SMITH NOLES,
UNKNOWN OWNERS, IF ANY and
CENTERSTATE BANK, NATIONAL
ASSOCIATION,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Exclude Severance Damage Testimony ("Motion to Exclude," Doc. 123), *Daubert* Motion to Exclude Expert Testimony by Matthew Ray ("*Daubert* Motion," Doc. 122), Motion for Continuance (Doc. 125), and Motion for Appointment of Commission (Doc. 128). For the reasons stated herein, the Motion for Continuance and Motion for Appointment of Commission will be denied, the Motion to Exclude will be granted in part, and the *Daubert* Motion will be granted in part and denied as moot in part.

### I.    BACKGROUND

This is one of many condemnation proceedings brought by Plaintiff to acquire a permanent easement on private property to install and maintain the Sabal Trail Pipeline ("Pipeline"), an underground interstate pipeline that is more than 500 miles long and that will transport natural gas from Alabama to Florida. (Compl., Doc. 1, ¶ 13). Plaintiff filed this action pursuant to the Natural Gas Act, 15 U.S.C. § 717f(h) to condemn easements on the landowners' ("Owners") property, a

462-acre cattle ranch in Lake County, Florida (the "Property"). (*Id.* ¶¶ 3, 4; Answers to Interrogs., Doc. 80-1, at 2). The Court previously granted Plaintiff the right to access and possess the easements. (May 23, 2016 Order, Doc. 34, at 1). The only issue remaining in this litigation is the compensation due for the taking of the Property.

Plaintiff filed motions to exclude testimony of two of Defendants' experts, which this Court granted in part and denied in part. (*See generally* August 13, 2018 Order, Doc. 115; August 22, 2018 Order, Doc. 119). In light of those rulings, and consistent with the procedures in related cases, Plaintiff requested from Defendants an updated appraisal report. Defendants provided it to Plaintiff approximately one month prior to trial, which is set for December 17, 2018. Plaintiff, contending that the updated report contained new data, opinions, analyses, conclusions, methodologies and other changes, filed a flurry of motions in response.

## II. MOTION TO EXCLUDE

As stated above, the undersigned previously issued two Orders restricting the testimony of Defendants' experts, Mr. Ray and Mr. Harris. The portions of the updated appraisal report that are new will be excluded from trial, and Mr. Ray will be prohibited to testifying regarding the new information.

### A. Legal Standard

According to Rule 26(e), a party has a duty to supplement an expert report by the time the party's pretrial disclosures are due. "[A] party cannot abuse Rule 26(e) to merely bolster a defective or problematic expert witness report." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-cv-24277, 2016 WL 3102225, at *16 (S.D. Fla. June 2, 2016). Rule 26(e) "is not a device to allow a party's expert to engage in additional work, or to annul opinions or offer new ones to perfect a litigating strategy." *Cochran v. The Brinkmann Corp.*, No. 1:08-cv-1790, 2009

WL 4823858, at *5 (N.D. Ga. Dec. 9, 2009), *aff'd*, 381 F. App'x 968 (11th Cir. 2010); *see also Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC,* 845 F. Supp. 2d 1241, 1251 (M.D. Fla. 2012), *aff'd in part*, 505 F. App'x 928 (11th Cir. 2013) (excluding expert's untimely second report which changed the scope of the claims and identified elements of the claim not previously identified); *K & H Dev. Grp., Inc. v. Howard*, 255 F.R.D. 562, 567–68 (N.D. Fla. 2009) (striking an expert's "supplemental" report that included a new theory of damages, which was based on information that was available when the expert prepared his initial report).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The court has broad discretion in deciding whether a failure to disclose evidence is substantially justified or harmless under Rule 37(c)(1)." *Tech Data Corp. v. Au Optronics Corp.*, 8:11-CV-2454-T-33JSS, 2015 WL 12843886, at *5 (M.D. Fla. Oct. 22, 2015) (citing *United States ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.*, No. 8:06–cv–00040–T–33MAP, 2009 WL 92826, at *3 (M.D. Fla. Jan. 14, 2009). "A failure to timely make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party[,]" in this case, the Defendants. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009). Courts use five factors in deciding whether evidence is substantially justified or harmless. Those factors are: "(1) the unfair prejudice or surprise of the opposing party; (2) the opposing party's ability to cure the surprise; (3) the likelihood and extent of

disruption to the trial; (4) the importance of the evidence; and (5) the offering party's explanation for its failure to timely disclose the evidence." *Tech Data Corp.,* 2015 WL 12843886, at *5.

**B.      Analysis**

The updated appraisal report is not a proper supplemental report. It removed certain paired sales relied upon by Mr. Ray in his previous report and added four previously-undisclosed paired sales. Additionally, it contained updated opinions based on the new paired sales, as well as a new conclusion regarding the severance damages. The updated report also added verifications of the paired sales data not present in the original report. Thus, the updated appraisal report does not constitute a supplemental report under Rule 26(e).

Further, there is no dispute that the updated appraisal report was not timely disclosed. Accordingly, Defendants cannot admit the updated report or rely on opinions therein unless the failure to timely disclose is either substantially justified or harmless. Defendants' chief argument is that because the data used in this report was disclosed in related proceedings, and because Plaintiff requested the updated report, that the error was essentially harmless. This argument is not well taken. While the underlying data may have been disclosed in different matters, it was not disclosed in this case. Moreover, the opinions based on the undisclosed data are entirely new and the conclusions as to damages based on the new data are unique to this matter.

*1.      Unfair Prejudice or Surprise*

The failure to disclose Mr. Ray's new conclusions based on the different paired sales data is also unfairly prejudicial. Plaintiff has not been able to adequately prepare a rebuttal case or a cross examination regarding the conclusions and opinions in the updated report. *See Mobile Shelter*, 845 F. Supp. 2d at 1251 (finding that the late disclosures prejudiced the opposing party as they could not adequately prepare a cross examination or fully comprehend the opinion).

2. *Ability to Cure Surprise*

Defendants state that because they made Mr. Ray available for deposition after the disclosure of the updated appraisal report, any surprise or prejudice that may have occurred is curable. While this argument may have merit if there were more time before trial, there is not. At the most, Plaintiff would be able to conduct a rushed deposition, which is insufficient to cure the prejudice as a rebuttal report would also need to be prepared. This factor is also tied to the next one—disruption to the trial.

3. *Disruption to Trial*

At the time of issuance of this Order, trial is set to begin in less than a week. Plaintiff contends that to cure the prejudice, a continuance is necessary so it can prepare an adequate rebuttal report and potentially identify rebuttal expert witnesses. The time for such action has simply run out. As discussed below, this trial will be proceeding on the agreed upon date of December 17, 2018. Any cure proposed by either party at this point would necessarily disrupt the trial. *See Makas v. State Farm Mut. Auto. Ins. Co.*, 8:15-cv-2940-30MAP, 2017 WL 2598497, at *3 (M.D. Fla. Feb. 17, 2017) (finding that any cure would necessary disrupt trial and striking untimely disclosed experts).

4. *Importance of Evidence*

This case is going to trial solely to determine compensation due for the Plaintiff's taking of the property, and Mr. Ray is Defendants' only expert as to valuation. Thus, the evidence is important, and Defendants will necessarily rely heavily on Mr. Ray's opinions drawn from his report. However, "[t]his one factor . . . does not negate the impact of the unfair prejudice to Plaintiff[] and the inability to cure without disrupting the trial schedule." *Tech Data Corp.*, 2015 WL 12843886, at *9. Moreover, Mr. Ray will be permitted to testify regarding the allowed portions

of his previous report, which lessens the negative impact of excluding those opinions based on the newly-disclosed information.

        5.      *Explanation for Failure to Timely Disclose*

Defendants assert that they were not required to make this disclosure but did so at Plaintiff's request. Defendants are mistaken. If Defendants intended on relying on the new information at trial, they were required to timely disclose it. The fact that Plaintiff requested an updated appraisal report—presumably expecting Defendants to simply remove inadmissible information pursuant to this Court's previous Orders—did not give Defendants free reign to add new information.

There is also no reason why this information could not have been disclosed earlier. Defendants themselves state that the new paired sales data has been available in related proceedings for some time. If an updated report was necessary after this Court's previous Orders as Defendants now contend it is, they should have disclosed it in a timely fashion or immediately moved for an extension of time. They did not.

### III.    *Daubert* Motion

The undersigned previously held that Defendants' expert Mr. Harris would not be permitted to testify to "actual, real, and present dangers associated with pipelines, such as explosions, leaks, and other accidents." (Doc. 115 at 21). As discussed in that Order, any probative value would be outweighed by its prejudicial value and such testimony would be likely to mislead a jury. (*Id.*). To the extent that any otherwise admissible portion of the updated appraisal report includes information related to explosions, leaks, and other accidents, that portion of the report is inadmissible at trial, and Mr. Ray is forbidden from testifying as to those matters. All other arguments raised by Plaintiff's *Daubert* Motion address to portions of the updated appraisal report

excluded above on other grounds. Therefore, the remainder of the *Daubert* Motion will be denied as moot.

## IV. MOTION FOR CONTINUANCE

The Motion for Continuance will be denied. At the December 7, 2018 hearing—and throughout their briefing—Defendants expressed a desire to proceed to trial on December 17, 2018, regardless of the outcome of these motions and stated that they will be prejudiced by any trial delay. The Court agrees. The trial will proceed as scheduled on December 17, 2018.

## V. MOTION FOR APPOINTMENT OF COMMISSION

The Motion for Appointment of Commission will be denied; this case is properly within the province of a jury.

## VI. CONCLUSION

Based on the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion to Exclude Severance Damage Testimony (Doc. 123) is **GRANTED in part and DENIED in part**. To the extent that the updated appraisal report is based on any data, conclusions, or opinions not previously disclosed in Mr. Ray's first appraisal report, the report is **STRICKEN,** and Mr. Ray is prohibited from testifying to such matters at trial. However, any portions of the updated appraisal report that are consistent with the previous appraisal report or are based on previously disclosed data and merely revised to bring the report into compliance with the undersigned's previous rulings, that portion of the report may be utilized at trial.

2. Plaintiff's *Daubert* Motion to Exclude Expert Testimony by Matthew Ray (Doc. 122) is **GRANTED in part and DENIED as moot in part.**

3. Plaintiff's Motion for Continuance (Doc. 125) is **DENIED**. The case will proceed to trial on December 17, 2018.

4. Plaintiff's Motion for Appointment of Commission (Doc. 128) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 11, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record